IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, et | ) ) ) ) | |
| Plaintiffs/Judgment Creditors, | ) ) | |
| v. | ) ) | Case No. 15-9008-MC-W-HFS |
| RIFFLE CARPET INSULATION. INC; AND JOHN T. RIFFLE | ) ) ) | |
| Defendants/Judgment Debtors. | ) | |

**ORDER**

Defendant/Judgment Debtor John T. Riffle has filed a motion to quash garnishment/execution and to claim exemption rights. Specifically, Riffle seeks an order quashing a writ of garnishment issued by Plaintiff/Judgment Creditors, International Painters and Allied Trades Industry Pension Fund, to Farmers State Bank. Riffle seeks to have all money belonging to him released or returned.

<u>Factual and Procedural Background</u>

On October 29, 2014, judgment was entered in the U.S. District Court for the District of Maryland on behalf of the Fund against Riffle and Riffle Carpet Insulation, Inc. in the amount of $70,227.33. (Application for Writ of Garnishment: ¶ 1). On March 25, 2015, the foreign judgment was registered in the U.S. District Court for the Western District of Missouri; and at the time of the application the debt remained unsatisfied. (Id: ¶¶ 2-3). Notice and summons were issued to garnishee Farmers State Bank. (Id: Exh. A).

At the time Farmers State Bank received the writ of garnishment, Riffle's deposit account balance (held jointly with his daughter, Connie S. Curtis), totaled $18,978.66. When questioned, accountant Malinda M. Grant, stated that an account review during the lookback period revealed exempt social security deposits in the amount of $2,572.00, resulting in a withheld amount of $16,406.66 for garnishment. (Suggestions in Opposition: Exh. A).

Discussion

Effective May 1, 2011, statutory provisions were implemented to protect Federal benefits from garnishment by establishing procedures that a financial institution must follow when served a garnishment order against an account holder into whose account a Federal benefit payment has been directly deposited. 31 C.F.R § 212.1.The lookback period has been defined as the two month period that begins on the date preceding the date of account review and ends on the corresponding date of the month two months earlier, or on the last date of the month two months earlier if the corresponding date does not exist. 31 C.F.R. § 212.3. When an account review shows that a benefit agency deposited a benefit payment into an account during the lookback period, the financial institution shall immediately calculate and establish the protected amount for an account. 31 C.F.R. § 212.6(a). See, Gates v. MCT Group, Inc., 93 F.Supp.3d 1182 n.7 (S.D.Cal. 2015).

Essentially, Farmers State Bank has determined that $16,406.66 is subject to garnishment and states that this amount is being held. In contrast, Riffle argues that only 52% of that sum is entitled to garnishment. Neither side cites to relevant authority in support of their respective contentions.

Nonetheless, I find a ruling in Tillimon v. Wheeler, 2012 WL 6096574 (Ohio Ct of App. 2012), to be helpful. In that case, upon receiving a judgment against Anthony and Andrew

Wheeler, the creditor, Tillimon, instituted a non-wage garnishment for funds in accounts held by the Wheelers at Fifth Third Bank. Id, at *1. After conducting a review, the bank determined that $890.00 had been directly deposited into the account as social security benefits, and returned its answer to the garnishment order accompanied by $14.79. Id. Tillimon sought to, among other things, have the bank held in contempt, but the magistrate judge found Tillimon's motion not well-taken; the trial court adopted the magistrate's order. Id.

On appeal, the court noted that social security benefits are protected from garnishment, and that in 2011, the Department of the Treasury promulgated certain rules to prevent encroachment on this exemption. Id, at *2. This includes a requirement that the financial institution served with a garnishment order conduct an account review for a two month lookback period to determine whether during that time federal benefit payments have been deposited into the account. Id. If federal benefit payments have been deposited during the lookback period, the financial institution is directed to calculate the protected amount and ensure that the account holder has full and customary access to those funds. Id. The protected amount has been defined as the lesser of the sum of all benefit payments posted to an account between the close of business on the beginning date of the lookback period , or the balance in an account at the open of business on the date of the account review. Id; see also, Craig B. Hammond, Ltd. v. Smith, 2015 WL 5095317 *3 (IL App) (when a garnishment order is received, the financial institution must determine the sum of protected federal benefits deposited to the account during a two-month period, and to ensure the account holder has access to an amount equal to that sum or to the current balance of the account, whichever is lower). The remaining funds in the account shall be treated in conformity with the customary procedures for handling garnishment orders. Id.

Here, the exact dates of the relevant lookback period have not been presented by the parties. However, the docket sheet indicates that the Writ of Garnishment was served on Farmers State Bank on May 13, 2015, requiring an answer within 10 days from the return date of the Writ noted to be June 8, 2015. (doc. 3). In answer to the Writ, Ms. Grant states that upon receipt of the Writ the Riffle account balance totaled $18,978.66. (Suggestions in Opposition: doc. 6, Exh. A, pg. 2). She further averred that the lookback period revealed $2,572.00 in exempt funds in the account, leaving $16,406.66 to be withheld for garnishment purposes. (Id). Based on these averments, one could reasonably estimate that upon receipt of the Writ on May 13, 2015, the account review quite possibly occurred on that date; in which case the lookback period began on May 12, 2015, and ended on March 13, 2015. On the date of account review, it is undisputed that the balance was $18,978.66. Thus, the lesser sum of these two provisions is clearly the benefit payments posted to Riffle's account during the two-month lookback period in the amount of $2,572.00. Therefore, that sum is the protected amount not subject to garnishment. The remaining funds in the amount of $16,406.66 are subject to the customary procedures for handling garnishment orders as provided in 31 C.F.R. § 212.6(d). This section provides that when there are funds in excess of the protected amount the financial institution shall follow its otherwise customary procedures for handling garnishment orders, including freezing funds, but consistent with provisions that restrict the account review to only one time upon the first service of a given garnishment order 31 C.F.R. § 212.6 (f), and the restriction of the financial institution from continually garnishing amounts deposited or credited. 31 C.F.R. § 212.6(g).

In reliance on <u>Philpott v. Essex County Welfare Board</u>, 409 U.S. 413 (1973), Riffle contends that the funds in his bank subject to garnishment are derived from monthly Social Security benefits (in the amount of $1,286.00), and therefore, exempt under federal and state law

from process of a creditor. Riffle argues that for the period of May 7, 2014 through May 3, 2015, approximately 48% of the deposits into his account are social security benefits, thereby leaving 52% of the bank-determined garnishment amount of $16,406.66 properly subject to garnishment. In support of this argument, Riffle has submitted copies of bank statements reflecting a monthly direct deposit in the amount of $1,286.00 for the period of June 2014 through May 2015. (Reply Brief: Exh. 1). This material is not contested by plaintiff.

Riffle's argument and supporting evidence is persuasive. In Hammond, a judgment creditor sought to garnish the account of a debtor (said funds being held in a branch of JP Morgan Chase Bank). Hammond, 2015 IL App (1st), at * 1. The creditor sought and received from the bank $10,053 of the $14,053 held in the Chase account; the remaining $4,000 constituting the protected amount deposited into the account during the lookback period. Id, at *2-*3.

After oral argument on the matter, the court found that all but $125.00 of the monies in the Chase account were exempt because they were social security disability income funds, and ordered the creditor to return the funds. Id. On appeal, the court noted that a bank account holding social security disability funds could not be garnished because the funds were readily withdrawable, retained the quality of money and had not become a permanent investment. Hammond, at *6; citing, Philpott v. Essex County Welfare Board, 409 U.S., at 417.

Additionally, 31 C.F.R. § 212.8 states that nothing in this part shall be construed to limit an individual's right under Federal law to assert against a creditor a further exemption from garnishment for funds in excess of the protected amount, or to alter the exempt status of funds that may be protected from garnishment under Federal law. Thus, the court in Hammond held that the two month lookback period for calculation of protected exempt funds only applied to a

financial institution's initial handling of a garnishment order, and that a debtor may be able to claim other exemptions in addition to the two month lookback period. Hammond, at *6-7.

Accordingly, it is hereby

ORDERED that the motion to quash garnishment (ECF doc. 4) is GRANTED in part and DENIED in part. In addition to the protected funds in the amount of $2,572.00, 48% of the remaining funds of $16,406.66 constitute funds exempt from garnishment in the amount of $7,875.20. The balance of the remaining funds in the amount of $8,531.46 are not exempt, and are therefore subject to garnishment.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November 4, 2015

Kansas City, MO